NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN GURCAK,<br><br>               Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Civil Action No.: 12-cv-4556 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

**I.    INTRODUCTION**

Plaintiff John Gurcak ("Plaintiff") appeals the final determination of the Commissioner of the Social Security Administration (the "Commissioner") denying his disability benefits under the Social Security Act. This Court has jurisdiction to hear this matter pursuant to 42 U.S.C. § 405(g). This motion has been decided on the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78.[1] For the reasons set forth below, the decision of the Administrative Law Judge is affirmed.

**II.    BACKGROUND**

    **A.    Procedural History**

Plaintiff filed an application for a period of Disability and Disability Insurance Benefits

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir.1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

(DIB) on March 31, 2009, alleging disability beginning November 1, 2002. (Tr.[2] 121.) Plaintiff's application was denied initially on July 23, 2009, and upon reconsideration on December 11, 2009. (Tr. 55.) On January 29, 2010 Plaintiff filed a written request for a hearing. (Tr. 68.) Plaintiff testified at the hearing, which took place on August 19, 2010 in Newark, New Jersey. (Tr. 19.) The ALJ issued a decision denying benefits on November 12, 2010. (Tr. 11.) The Appeals Council affirmed the decision of the ALJ on May 22, 2010. (Tr. 1.) Plaintiff timely filed this appeal on July 20, 2012.

**B.    Factual History**

Plaintiff is a forty-eight year-old man, with two children. (Tr. 25, 46.) He completed high school in 1983. (Tr. 25, 131.) Plaintiff served in the United States Navy for six and a half years, before he was honorably discharged in December 1992. (Compl. 2.) Plaintiff alleges that in 1987, during the Iran/Iraq War, he experienced military trauma in the Persian Gulf. (Tr. 254, 256.) While in the Navy, Plaintiff was treated for alcohol abuse. (Tr. 32, 437.) After the Navy, Plaintiff held several jobs including work as an electronics engineer, a technician, a painter and in construction. (Tr. 29, 126.) Plaintiff alleges he has been unable to work since November 1, 2002. (Tr. 29.)

Plaintiff was incarcerated from January 2004 through August 2008 on an aggravated sexual assault charge. (Tr. 254.) Plaintiff was first incarcerated at the Bergen County Jail. (Tr. 28, 185.) On January 9, 2004, a clinician at the jail evaluated Plaintiff using a mental health screening questionnaire. (Tr. 189.) The clinician found that Plaintiff was calm, cooperative, and had an appropriate appearance. (Tr. 188.) The clinician further found that Plaintiff's perceptions were

---

[2] "Tr." Refers to the Administrative Transcript, D.I. 9, 10.

not impaired, that he was fully oriented and he had no impairment of thought, memory, judgment, or concentration. (Id.) The clinician found that Plaintiff's Axis V was "present 70-75." (Tr. 187.) The clinician concluded that the "patient does NOT require mental health follow-up at this time," and noted that the patient does not want psychiatric treatment. (Tr. 189.)

Plaintiff was transferred to the Avenel Correctional Facility in August 2006 and remained there until August 2008. (Tr. 23.) While in prison, Plaintiff received treatment at the Adult Diagnostic and Treatment Center, in Avenel, New Jersey. (Tr. 192.) Plaintiff completed the Clear Thinking, Personal Victimization, and Substance Abuse psycho-educational modules. (Tr. 192-93.)

On September 3, 2008, Plaintiff began psychotherapy treatment with Dr. LeMin Chin at the Department of Veterans Affairs for Post-Traumatic Stress Disorder ("PTSD") and Adjustment Reaction with Anxious Mood. (Tr. 195.) Plaintiff also saw Dr. Yousef Kat at this time who prescribed trazodone to assist with sleep. (Tr. 293, 374.)

On January 21, 2009, Dr. Bennett Oppenheim conducted a VA compensation and pension examination of Plaintiff. (Tr. 254-58.) Dr. Oppenheim concluded that Plaintiff was suffering from severe PTSD and intermittent explosive disorder. (Tr. 258.) Dr. Oppenheim also found that Plaintiff had a history of alcohol dependency from the time he left the Navy until he was incarnated in 2004, but was in remission the past five years. (Tr. 258.)

On February 25, 2009, the Department of Veterans Affairs granted Plaintiff service connection for PTSD with an evaluation of 70% disability, effective August 18, 2008. (Tr. 449.) An undated letter from the Department of Veterans Affairs indicates "a 100% permanent and total evaluation was assigned effective August 18, 2008." (Tr. 455.)

On November 23, 2009, the New Jersey State Agency psychologist consultant reviewed

3

Plaintiff's record and found that there was insufficient medical evidence to support a diagnosis of PTSD from November 1, 2002, the alleged onset date of his disability, through June 30, 2004, the date last insured (the "relevant period"). (Tr. 422.)

On August 4, 2010, Dr. Peter Crain conducted a psychiatric examination on Plaintiff at the request of Plaintiff's attorney. (Tr. 475.) Dr. Crain stated that Plaintiff "has become severely incapacitated and totally unable to be gainfully employed since November 1, 2002 to present time." (Tr. 479.)

### III. LEGAL STANDARDS

#### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). It is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder" but must give deference to the administrative findings. Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992); see also 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" Daniels v. Astrue, No. 4:08-1676, 2009 U.S. Dist. LEXIS 32110, at *7 (M.D. Pa. Apr. 15, 2009) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

4

This Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. Cruz v. Comm'r of Soc. Sec., 244 F. App'x. 475, 479 (3d Cir. 2007) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)). Given the totality of the evidence, including objective medical facts, diagnoses, medical opinions, and subjective evidence of pain, the reviewing court must determine whether the ALJ's decision is adequately supported. See Curtain v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981). Overall, the substantial evidence standard is a deferential standard of review, which requires deference to inferences drawn by the ALJ from the facts, if they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).

**B.    Determining Disability**

Pursuant to the Social Security Act, to receive DIB payments, a claimant must satisfy the insured status requirements of 42 U.S.C. § 423(c), and must show that he is disabled by demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." Ortega v. Comm'r of Soc. Sec., 232 F. App'x. 194, 196 (3d Cir. 2007); 42 U.S.C. § 423(d)(1)(A). Taking into account the claimant's age, education, and work experience, disability will be evaluated by the claimant's ability to engage in his previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A). Thus, the claimant's physical or mental impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." Id. Decisions regarding disability will be made individually and will be based on evidence adduced at a hearing.

Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000) (citing Heckler v. Campbell, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Social Security Administration (the "SSA") follows a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently engaged in gainful activity. Sykes, 228 F.3d at 262. An individual is engaging in substantial gainful activity if he is doing significant physical or mental activities for pay or profit. 20 C.F.R. § 404.1572.

If the claimant is not engaging in substantial gainful activity, the analysis proceeds to the second step. At step two, the claimant must show he has a medically determinable "severe" impairment or a combination of impairments that is "severe" during the relevant period. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is severe when it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). It is not severe when medical evidence shows only a slight abnormality or minimal effect on an individual's ability to work. See Leonardo v. Comm'r of Soc. Sec., No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. Nov. 16, 2010). If the claimant does not have a medically determinable severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii) & (c). If the claimant has a severe impairment, the analysis proceeds to the third step.

Third, if the claimant has an impairment during the relevant period the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"), which would result in a presumption of disability. Id. If the

impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of his impairment, and, fourth, must consider whether that RFC is enough to perform the claimant's past relevant work. Id. at 262–63. Fifth, if claimant's RFC is not enough, the ALJ must determine whether there is other work in the national economy that the claimant can perform. Id. at 263. If the Commissioner cannot show there are a significant number of other jobs for the claimant in the national economy, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(ix).

The evaluation will continue through each step unless it can be determined at any point that the claimant is or is not disabled. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. Sykes, 228 F.3d at 263. Neither party bears the burden at step three. Id. at 263 n.2.

## IV. **DISCUSSION**

It is uncontested that Plaintiff does not satisfy the insured status requirements of 42 U.S.C. § 423(c) after June 30, 2004. After reviewing all of the evidence in the record, the ALJ found that Plaintiff was not disabled as of that date and denied his claim for DIB.

The ALJ arrived at his decision by following the required five-step analysis, which was terminated after step two when the ALJ determined that Plaintiff had not presented any medical signs or laboratory findings to substantiate the existence of a medically determinable impairment during the relevant period. (Tr. 13.)

At the first step, the ALJ found that Plaintiff did not engage in substantial gainful activity during the relevant period. (Tr. 13.)

At step two, the ALJ found that there was no objective evidence in the record establishing that Plaintiff had any impairment during the relevant period. (Tr. 14.) The ALJ based this decision

7

on at least four parts of the record. First, the ALJ noted that Plaintiff was first diagnosed with PTSD in 2008, and found no evidence in the record indicating that the diagnosis dated back to the relevant period. (Tr. 14.) Second, the ALJ noted that the medical records from Plaintiff's military service indicated alcohol abuse, ankle pain, and back pain, but that those records did not establish any objective evidence of impairment. (Id.) Third, the ALJ noted that the Bergen County Jail clinician's mental health evaluation taken during the relevant period was consistent with a "no more than slight impairment in social and occupational functioning." (Id.) Finally, the ALJ gave no weight to Plaintiff's expert consultant, Dr. Crain, and relied upon the state agency psychologist consultant, who found that the record had insufficient evidence during the relevant period to establish a severe impairment. (Tr. 15.)

The ALJ concluded that Plaintiff was not disabled because there were no medical signs or laboratory findings to substantiate the existence of an impairment during the relevant period. (Tr. 15.)

On appeal, Plaintiff asserts that the ALJ erred in three respects. First, Plaintiff argues that the ALJ failed to develop the record, in particular by failing to assist in obtaining records from the Veterans Administration. Second, Plaintiff asserts that the ALJ erred in finding that there was no evidence supporting an impairment during the relevant period. In particular, Plaintiff asserts that the ALJ erred by (1) ignoring the weight of the evidence and failing to properly consider the VA's determination of disability and (2) improperly according the examination of Dr. Crain no weight. Third, Plaintiff alleges that the ALJ failed to make proper findings regarding Plaintiff's mental impairment and functional limitations, Plaintiff's subjective description of symptoms, and Plaintiff's ability to find work in the national economy. (Pl.'s Br. 3.)

8

### A. The ALJ Properly Developed the Record

Plaintiff claims that the ALJ failed to properly develop the record under 20 C.F.R. 404.1512(d) by failing to obtain Plaintiff's military service records. (Pl.'s Br. at 6-7.) However, those additional records appear to have been entered by Plaintiff on his request for review to the Appeals Council. (Tr. 5.) Accordingly, this Court may only remand to the Commissioner on the grounds that the evidence was not considered by the ALJ if the "evidence is new and material and if there is good cause why it was not previously presented to the ALJ." 42 U.S.C. § 405(g); Matthews v. Apfel, 239 F.3d 589, 592-93 (3d Cir. 2001).

In order to be "material" there must be a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination." Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984). Here, the Court's review of the additional records (Tr. 480-506) from Plaintiff's military service indicates that it does not relate to Plaintiff's claims of mental disability, but rather only contains treatment notes for physical ailments and alcohol abuse. These records are not probative of the alleged disability. See 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."). Plaintiff does not argue to the contrary. Accordingly, we decline to remand for further proceedings on this ground. See Kelley v. Comm'r of Soc. Sec., 556 F.3d 347, 351 n.11 (3d Cir. 2009) ("there is no need to remand to the Commissioner pursuant to the sixth sentence of 42 U.S.C. § 405(g) because the materials [plaintiff] submitted after the ALJ's decision support, rather than undermine, that decision.").

### B. At Step Two the ALJ Properly Considered Plaintiff's Evidence

Plaintiff argues that his impairment is supported by substantial evidence including the

VA's 2008 diagnosis of PTSD and Dr. Crain's examination. (Pl.'s Br. 6-9.) The Court disagrees. The record supports the ALJ's conclusion that the military and VA records do not evidence a severe impairment. It was proper for the ALJ to rely on the contemporaneous clinical assessment from Bergen County Jail indicating no more than a slight mental impairment (Tr. 185-89,) and the opinion of the state agency psychologist (Tr. 420-22.) Both of these documents substantially support the ALJ's conclusions. Accordingly, the ALJ's determination that "through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment" was supported by substantial evidence. (Tr. 13.)

### 1. The ALJ Properly Considered Plaintiff's Diagnosis of PTSD in 2008

Plaintiff argues that the VA's disability finding in 2008 is evidence that Plaintiff was disabled during the relevant period. (Pl.'s Br. 6.) In response, the Commissioner argues that the ALJ considered the Plaintiff's diagnosis of PTSD in 2008 and properly found that the evidence in the record did not support a diagnosis of PTSD during the relevant period. (Def.'s Br. 6.) The Court agrees.

Plaintiff's argument fails for two reasons. First, a review of the VA records indicates that there is substantial evidence that the VA did not find that the diagnosis dates back to the relevant period. (Tr. 449-53). An impairment that is not disabling until after the expiration of claimant's insured status cannot establish a claimant's entitlement to benefits. Ortega, 232 F. App'x. at 197; De Nafo v. Finch, 436 F.2d 737, 739 (3d Cir. 1971). See also Manzo v. Sullivan, 784 F. Supp. 1152, 1156 (D.N.J. 1991) ("Evidence of an impairment which reached disabling severity after the date last insured . . . cannot be the basis for the determination of entitlement to a period of disability and disability insurance benefits, even though the impairment itself may have existed before plaintiff's insured status expired.")

Second, even if the VA had found that Plaintiff was disabled during the relevant period, a decision by a government agency other than the SSA about whether a claimant is disabled is based on its own rules and not binding on the SSA. 20 C.F.R. § 404.1504.

Accordingly, the ALJ did not err by failing to consider the VA's disability determination when reaching the conclusion that Plaintiff did not suffer from a medically determinable impairment during the relevant period.

### 2. The ALJ Properly Weighed the Analysis of Dr. Crain

Plaintiff alleges that it was error for the ALJ to discredit the analysis of Dr. Crain. (Pl.'s Br. 6.) The Commissioner argues that the ALJ properly rejected Dr. Crain's conclusion for three reasons: (1) only the Commissioner can reach the conclusion that Plaintiff is too disabled to work; (2) Dr. Crain only examined Plaintiff one time; and (3) Dr. Crain based his opinion on statements from the Plaintiff and VA records that do not support a finding of a medically determinable impairment during the relevant period. (Def.'s Br. 9-10.) The Court agrees. The ALJ's credibility determination is supported by the record.

In making a determination, an ALJ weighs medical opinions according to the guidelines in 20 C.F.R § 404.1527. In evaluating the opinions of a treating physician, an ALJ considers several factors including "(1) the relationship between the doctor and the claimant, (2) the supportability of the doctor's opinion, (3) its consistency, (4) any specialization of the doctor, and (5) any other factors the court chooses." De La Cruz v. Astrue, No. 10–4458, 2011 WL 3502360, at *8 (D.N.J. Aug. 20, 2011) (citing the nearly identical 20 C.F.R. § 416.927(d) standard). Here, the ALJ reviewed the record and found that Dr. Crain had no treatment history with the Plaintiff and only examined the Plaintiff once at the request of Plaintiff's attorney. (Tr. 15.) The record shows that the sole purpose of the visit was to "ascertain whether or not he had a condition since November

11

1, 2002 that rendered him unable to be gainfully employed," and was not for medical treatment. (Tr. 475.)

The ALJ concluded that Dr. Crain based his decision on claimant's statements and records from the VA beginning in 2008, and did not provide a function-by-function assessment. (Tr. 15.) A review of Dr. Crain's opinion supports that conclusion. Additionally, Dr. Crain provides no factual basis for his conclusion that Plaintiff became "severely incapacitated" on November 1, 2002 and not some other date. (Tr. 479.)

Further, a statement by a medical doctor that a claimant is "disabled" or "unable to work" is not entitled to weight by the Commissioner. 20 C.F.R. § 404.1527(e)(1); Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 203 n.2 (3d Cir. 2008). These determinations are "reserved to the Commissioner . . . because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." Johnson, 529 F.3d at 203 n.2. Thus, the ALJ properly found that Dr. Crain's conclusion that Plaintiff "is clearly suitable for Social Security benefits" is one reserved for the Commissioner. (Tr. 15, 479.) Accordingly, the ALJ did not err in disregarding Dr. Crain's ultimate conclusion and the Court finds that the weight given to Dr. Crain's findings was supported by the record.

### C. The ALJ Properly Concluded the Sequential Evaluation at Step Two

Pursuant to the Social Security Administration Regulations, if a claimant is not "doing substantial gainful activity," the ALJ looks at a claimant's mental impairment(s) to determine whether he is disabled. 20 C.F.R. § 404.1508. To find a claimant disabled, the claimant's "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." Id. A claimant's "mental impairment must be established by medical evidence consisting of signs,

symptoms, and laboratory findings" and cannot be established solely by a claimant's statement of symptoms. Id.; see also, 20 C.F.R. § 404.1528.

Here, the ALJ reasonably relied on substantial evidence to conclude that there were no "medical signs or laboratory findings to substantiate the existence of a medically-determinable impairment" during the relevant period. See Section B, supra. Plaintiff's final three arguments—(1) that the ALJ erred by not following the technique prescribed by 20 C.F.R. 404.1520a; (2) that the ALJ erred under S.S.R. 96-7P and 20 C.F.R. § 404.1529; and (3) that the ALJ erred by not obtaining a vocational expert—all fail in light of this holding.

On its face, 20 C.F.R. § 404.1520a sets forth a "special technique" for evaluating the "severity of mental impairments" once a mental impairment has been established. Id. at §404.1520a(a). Because the ALJ's finding of no mental impairment during the relevant period was supported by substantial evidence, the ALJ did not err in failing to follow the special technique set forth by the regulation.

Similarly, 20 C.F.R. § 404.1529 and S.S.R. 96-7P, which detail how the SSA will evaluate subjective symptoms, require the corroboration of symptoms with either medical signs or laboratory findings before the symptoms can give rise to a finding of impairment. S.S.R. 96-7P ("No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms"); 20 C.F.R. § 404.1529(b) ("Medical signs and laboratory findings, established by medically acceptable clinical or laboratory diagnostic techniques, must show the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably

be expected to produce the pain or other symptoms alleged."). Because the ALJ's conclusion that there were no "medical signs or laboratory findings to substantiate the existence of a medically-determinable impairment" during the relevant period was supported by substantial evidence, (see Section B, supra) the ALJ did not commit any error in concluding that Plaintiff's subjective symptoms did not evidence a disability pursuant to SSR 96-7P or 20 C.F.R. § 404.1529.

Finally, Plaintiff alleges that the ALJ failed to obtain vocational expert testimony to determine if there is other work that Plaintiff could perform at step five of the five-step analysis. (Pl.'s Br. 10-11.) The final step of the Social Security Administration's five-step process requires the Commissioner to determine whether the claimant can perform other work consistent with his medical impairments, age, education, past work experience and RFC. 20 C.F.R. § 404.1520(g). Once the ALJ found that Plaintiff had no impairment during the relevant period, the ALJ did not need to discuss any additional steps. Cruz, 244 F. App'x. at 480 (an ALJ's negative conclusion at step two precludes a finding of disability); Newell v. Comm'r of Social Security, 347 F.3d 541, 545 (3d Cir. 2003) ("If the claimant does not have a severe impairment . . . the disability claim is denied."); Roderick v. Comm'r of Social Sec., 322 F. App'x. 117, 120 (3d Cir. 2009) ("failure of proof at step one or step two renders the claimant ineligible for Disability Insurance Benefits and Supplemental Security Income"); Potesta v. Astrue, No. 2:11–1654, 2011 WL 6755923, *9 (D.N.J. Dec. 22, 2011); 20 C.F.R. § 404.1520. Accordingly, the ALJ did not err by not obtaining a vocational expert.

## V. CONCLUSION

For the foregoing reasons, the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act is hereby affirmed. An appropriate order accompanies this Opinion.

DATED: December 20, 2013

_____
CLAIRE C. CECCHI, U.S.D.J.